IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| FERNANDO DE LA TORRE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 05 C 6760 |
| | ) | |
| CITY OF NORTHLAKE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Defendants' motion to dismiss. For the reasons stated below, we grant the motion to dismiss.

## BACKGROUND

Plaintiff Fernando De La Torre ("De La Torre") contends that on November 29, 2004, he was stopped by two Northlake, Illinois police officers for a traffic violation. De La Torre claims that when the officers ran De La Torre's driver's license in the police computer, the officers found an arrest warrant for a "Fernando De La Torre" that had been issued out of Merrilville, Indiana ("Warrant"). De La Torre claims that the officers informed him of the Warrant and De La Torre insisted that he could not possibly be the man in the Warrant. According to De La Torre, the

1

Warrant contained no physical description, except for race and gender indicators that matched De La Torre's race and gender. In addition, De La Torre claims that the Warrant contained De La Torre's own social security number and birth date, as well as an address at which De La Torre had never resided. De La Torre alleges further that there was no photograph or fingerprint information contained in the Warrant.

De La Torre alleges that the police officers placed him under arrest and took him to the Northlake police station, where he was held for two days. According to De La Torre, during this time he continued to insist that he was not the man named in the Warrant. De La Torre alleges that Defendant Jay Militello ("Militello") interviewed De La Torre several times and that De La Torre told Militello that he had been a victim of identity theft. In addition, De La Torre claims that several of his family members came to the Northlake station to corroborate his story of identity theft. According to De La Torre, Militello called the Indiana authorities and was informed that there was no photograph or fingerprint information on file for the Warrant. De La Torre also claims that the Indiana authorities told Militello that De La Torre had no prior criminal history. De La Torre alleges that in a phone conversation with De La Torre's attorney, Militello stated that he did not believe that De La Torre was the man named in the Warrant. De La Torre contends, however, that Militello conducted no further investigation to verify that the correct man had been arrested pursuant to the Warrant.

According to De La Torre, he was brought before a Cook County judge on

December 2, 2004. De La Torre claims that he continued to assert his story of identity theft before the judge, that he refused to waive extradition, and that the judge ordered that the case be continued until December 8, 2004. De La Torre alleges that, in the meantime, De La Torre's family hired a private investigator who contacted one of the case officers from Indiana and asked him to come to court on December 8, 2004. According to De La Torre, the Indiana officer testified to the court that De La Torre was not the person wanted in the Warrant. De La Torre claims that this testimony resulted in the court ordering that De La Torre be released. However, De La Torre alleges that he was not released from the Cook County Jail until December 10, 2004.

De La Torre also claims that on September 2, 2005, he was again stopped for a traffic violation, this time within the City of Chicago, by Defendant Officer Johnson ("Johnson") and Defendant Officer Wood ("Wood"). De La Torre claims that he gave Johnson and Wood his license, that Johnson and Wood ran De La Torre's license in the computer, and that they told De La Torre about the very same warrant on which he had previously been arrested in Northlake. According to De La Torre, he immediately told Johnson and Wood about his prior arrest pursuant to the Warrant and about the fact that his identity had been stolen. De La Torre also claims that he told Johnson and Wood that a court had already determined that he was not the person named in the Warrant. De La Torre claims that despite these assertions, Johnson and Wood arrested De La Torre and took him to the Chicago Police

Department. De La Torre alleges that he was transferred to the Cook County Jail on September 3, 2005. According to De La Torre, the petition for his extradition to Indiana was eventually withdrawn and a Cook County judge again ordered his release, which occurred on September 6, 2005.

De La Torre filed his amended complaint on April 10, 2006, and included in his complaint one claim against Militello and Defendant City of Northlake ("Northlake") alleging a deprivation of his fourth and fourteenth amendment rights (Count I), and a claim against Johnson, Wood, and Defendant City of Chicago ("Chicago") alleging a deprivation of his fourth and fourteenth amendment rights (Count II). Defendants have moved to dismiss all counts.

## LEGAL STANDARD

In ruling on a motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6), the court must draw all reasonable inferences that favor the plaintiff, construe the allegations of the complaint in the light most favorable to the plaintiff, and accept as true all well-pleaded facts and allegations in the complaint. *Thompson v. Illinois Dep't of Prof'l Regulation,* 300 F.3d 750, 753 (7th Cir. 2002); *Perkins v. Silverstein,* 939 F.2d 463, 466 (7th Cir. 1991). The allegations of a complaint should not be dismissed for a failure to state a claim "unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson,* 355 U.S. 41, 45-46 (1957).

4

Nonetheless, in order to withstand a motion to dismiss, a complaint must allege the "operative facts" upon which each claim is based. *Kyle v. Morton High School,* 144 F.3d 448, 454-55 (7th Cir. 1998). Under the current notice pleading standard in federal courts a plaintiff need not "plead facts that, if true, establish each element of a 'cause of action . . . .'" *Sanjuan v. American Bd. of Psychiatry and Neurology, Inc.,* 40 F.3d 247, 251 (7th Cir. 1994)(stating also that "[a]t this stage the plaintiff receives the benefit of imagination, so long as the hypotheses are consistent with the complaint" and that "[m]atching facts against legal elements comes later"). The plaintiff need not allege all of the facts involved in the claim and can plead conclusions. *Higgs v. Carver,* 286 F.3d 437, 439 (7th Cir. 2002). However, any conclusions pled must "provide the defendant with at least minimal notice of the claim," *Id.,* and the plaintiff cannot satisfy federal pleading requirements merely "by attaching bare legal conclusions to narrated facts which fail to outline the bases of [his] claims." *Perkins,* 939 F.2d at 466-67. The Seventh Circuit has explained that "[o]ne pleads a 'claim for relief' by briefly describing the events." *Sanjuan,* 40 F.3d at 251.

## DISCUSSION

I. Municipal Liability

　　　　Defendants Northlake and Chicago have moved to dismiss De La Torre's claims against them, arguing that De La Torre has not properly plead a constitutional

violation under *Monell v. Department of Social Services*, 436 U.S. 658 (1978). The doctrine of respondeat superior cannot be utilized to hold local governmental units liable for violations pursuant to 42 U.S.C. § 1983 ("Section 1983"). *Monell*, 436 U.S. at 691. A municipal governmental unit cannot be held liable under Section 1983 "unless the deprivation of constitutional rights is caused by a municipal policy or custom." *Kujawski v. Board of Comm'rs.*, 183 F.3d 734, 737 (7th Cir. 1999). A local governmental unit's unconstitutional policy or custom can be: "(1) an express policy that causes a constitutional deprivation when enforced; (2) a widespread practice, that, although unauthorized, is so permanent and well-settled that it constitutes a 'custom or usage' with the force of law; or (3) an allegation that a person with final policymaking authority caused the injury." *Chortek v. City of Milwaukee*, 356 F.3d 740, 748 (7th Cir. 2004).

Northlake and Chicago argue in their motion to dismiss that De La Torre has not alleged in his complaint that Militello, Johnson, or Wood were acting under policies or widespread customs of the cities, or that De La Torre's alleged injuries were caused by a person with final policymaking authority. De La Torre did not respond to this argument in his response to the instant motion. We agree with Northlake and Chicago that De La Torre has failed to allege any facts indicating that either Northlake or Chicago had a policy, custom, or practice that was responsible for De La Torre's alleged injuries, nor has he alleged that a person with final policymaking authority caused such alleged injuries. Therefore, we grant the motion

to dismiss to the extent that it relates to the municipal liability of Northlake and Chicago.

II. Liability of Officers

    A. Qualified Immunity

Defendants move to dismiss all claims against Militello, Johnson, and Wood based, among other arguments, on a claim of qualified immunity. Generally, law enforcement officers "receive qualified immunity for conduct performed within the scope of their official duties." *Dunn v. City of Elgin, Illinois*, 347 F.3d 641, 648 (7th Cir. 2003). In determining whether an officer is protected by qualified immunity in a Section 1983 case, "the court must decide: (1) whether the plaintiff has shown a violation of her constitutional rights, and, if so, (2) whether those constitutional rights were clearly established at the time of the violation, 'such that a reasonable official would understand that what he was doing violates those rights.'" *Id.* (quoting in part *Morrell v. Mock*, 270 F.3d 1090, 1094 (7th Cir. 2001)). The Seventh Circuit has held that "[b]ecause qualified immunity protects the defendant not only from liability but also from the burdens of standing trial, courts should determine early in the proceedings whether qualified immunity exists." *Sornberger v. City of Knoxville, Ill.*, 434 F.3d 1006, 1013 (7th Cir. 2006).

De La Torre has not challenged the validity of the Warrant, and therefore that issue is not currently before the court. The Seventh Circuit has stated that "[t]he

arrest of a person named in a valid warrant, . . . even if it turns out to be the wrong individual, will not violate the Fourth Amendment unless the arresting officer acted unreasonably." *White v. Olig*, 56 F.3d 817, 820 (7th Cir. 1995). Defendants argue that Militello, Johnson, and Wood did not act unreasonably in arresting De La Torre pursuant to the Warrant.

    1. Militello

Defendants argue that Militello's actions relating to the Warrant did not violate De La Torre's constitutional rights. As an initial matter, we note that De La Torre claims that he was arrested by Militello on November 29, 2004, and was brought before a judge on December 2, 2004. While the judge postponed the probable cause hearing until December 8, 2004, and De La Torre was not released from jail until December 10, 2006, Militello can only be potentially liable for De La Torre's detention from the time of the arrest until December 2, 2004, when De La Torre was brought before a judge. *See Hernandez v. Sheahan*, 2006 WL 2062120, at *2, 6 (7th Cir. 2006)(stating in a false arrest case that "[f]rom the time of [the plaintiff's] appearance in court, the matter was out of [the defendant's] hands" and that "[t]here is no basis for an award of damages against executive officials whose policy is to carry out the judge's orders").

De La Torre argues that "[t]he defense of qualified immunity is not available to officers who deliberately refuse to determine whether the individual they have in

custody is the same individual that [sic] is wanted on the arrest warrant." (Resp. 5). This statement, however, does not accurately state an officer's obligation when faced with a detainee's claim of innocence. The Seventh Circuit has made it clear that there are limits on the investigation that is required of an arresting officer. For example, in *Hernandez v. Sheahan*, the court determined that the defendants were not unreasonable in not crediting the plaintiff's claims of innocence when the plaintiff was arrested pursuant to a warrant that contained the plaintiff's birthday, drivers' license number, similar physical characteristics, and a similar, but not identical name. *Hernandez*, 2006 WL 2062120, at *6. The court in Hernandez based its decision, in part, on the idea that having a rule "under which every deputy must be open to persuasion for as long as a person is in custody . . . would frustrate the public interest in carrying out the criminal law." *Id.* at *5. In *White v. Olig*, the Seventh Circuit determined that it was not unreasonable for the police to arrest and detain for three days the plaintiff pursuant to a body attachment order that contained the same name, race, county of residence, birth date, and approximate weight as the plaintiff. *White*, 56 F.3d at 820 (stating also that "[i]t is certainly not uncommon for the subjects of arrest warrants to object, even vociferously, when they are apprehended").

In the instant action, De La Torre admits that he was arrested during a traffic stop pursuant to the Warrant, which included De La Torre's name, date of birth, and social security number. (A. Compl. Par. 17). The Warrant also indicated that the

9

person listed on the Warrant was male and Latino, as De La Torre is, that he lived in Palatine, Illinois, which is not far from where De La Torre was arrested, and listed De La Torre's birth date, which allowed the arresting officers to compare the age of the person wanted under the Warrant to De La Torre's apparent age. In light of all of the information on the Warrant pointing to De La Torre, it was not unreasonable for Militello to believe that De La Torre was the person wanted under the Warrant and therefore decline to investigate De La Torre's claim of innocence prior to a judicial determination. *See Hill v. California*, 401 U.S. 797, 804 (1971)(stating that "sufficient probability, not certainty, is the touchstone of reasonableness under the Fourth Amendment").

De La Torre states in his response to the instant motion that "Militello knew that he could not verify that Plaintiff was the person named in the Warrant . . . ." (Resp. 7). If, as De La Torre states, there was nothing that Militello could have done to verify that De La Torre was the person wanted under the Warrant, then Militello's decision to rely on the facially valid Warrant until De La Torre was brought before a judge clearly cannot be deemed unreasonable. *See White*, 56 F.3d at 820 (7th Cir. 1995)(citing *Johnson v. Miller*, 680 F.2d 39, 41 (7th Cir. 1982) and *Patton v. Przybylski*, 822 F.2d 697, 699 (7th Cir. 1987) for the idea that "as [the Seventh Circuit] has recognized in the past, 'the peril of liability under section 1983' should not be placed upon arresting officers every time they are faced with the practical dilemma of arresting or releasing an individual who, despite some discrepancies in

description, they reasonably believe to be the intended subject of an arrest warrant"). Accordingly, we find that De La Torre has not alleged any facts showing that Militello acted unreasonably in arresting and detaining De La Torre and thus Militello is entitled to qualified immunity for his actions. Therefore, we grant the motion to dismiss to the extent that it relates to Militello's liability under Section 1983.

### 2. Johnson and Wood

Defendants also argue that Johnson's and Wood's actions relating to the Warrant did not violate De La Torre's constitutional rights and that, therefore, they are entitled to qualified immunity. According to De La Torre, Johnson and Wood arrested De La Torre during a stop for traffic violations pursuant to the Warrant on September 2, 2005. De La Torre claims that he was held at the Cook County Jail until September 6, 2005. De La Torre argues that Johnson and Wood "did not act reasonably when they arrested plaintiff while in possession of information which tended to negate probable cause [and that] [e]ven though they were executing a warrant, they possessed facts which required them to conduct additional investigation." (Resp. 7). However, the information that Johnson and Wood had when they arrested and detained De La Torre, *i.e.* the information on the Warrant that identified De La Torre, was inculpatory rather than exculpatory of De La Torre. The only information that tended to negate probable cause was De La Torre's own

claims of innocence, which the Seventh Circuit has made clear are not enough, on their own, to require police officers to investigate a detainee's claims of innocence. *See Hernandez*, 2006 WL 2062120, at *2 (stating that "[p]olice are entitled to act on information that may be inaccurate and let the courts determine whether to credit a suspect's claim of innocence [because] [a]ll the police need is probable cause, which is well short of certainty [and that] police may act on the basis of inculpatory evidence without trying to tote up and weigh all exculpatory evidence). As the Seventh Circuit has stated, requiring the police to investigate every claim of innocence in spite of solid inculpatory evidence pointing in the opposite direction "would frustrate the public interest in carrying out the criminal law." *Id.* at *5.

We also note that De La Torre's arrest by Johnson and Wood occurred in September 2005, almost a year after his first arrest. During that time, De La Torre could have taken steps to ensure that the Warrant was quashed, but nothing in his complaint or his response to the instant motion indicates that he took such actions. Therefore, De La Torre has not alleged any facts showing that Johnson and Wood acted unreasonably in arresting and detaining De La Torre and thus they are entitled to qualified immunity for their actions. Therefore, we grant the motion to dismiss to the extent that it relates to Johnson's and Wood's liability under Section 1983.

B. State Law Claims

Defendants also argue that they are not liable for any state law claims

included in the complaint under the Illinois Tort Immunity Act, 745 ILCS 10/2-202. Under the Illinois Tort Immunity Act, "[a] public employee is immune from liability while enforcing the law unless their acts are willful and wanton [and] [c]onduct is willful and wanton when it 'shows an actual or deliberate intention to cause harm or which, if not intentional, shows an utter indifference to or conscious disregard for the safety of others or their property.'" *Smith v. City of Chicago*, 242 F.3d 737, 744 (7th Cir. 2001)(citing 745 ILCS 10/2-202 and 745 ILCS 10/1-210). De La Torre alleges no facts that tend to show that Militello, Johnson, or Wood acted willfully or wantonly toward De La Torre. Instead, as we found above, the facts alleged by De La Torre show that Militello, Johnson and Wood acted reasonably in arresting and detaining De La Torre. *See Carter v. Chicago Police Officers*, 165 F.3d 1071, 1081 (7th Cir. 1998)(stating that sometimes even "unreasonable conduct may not rise to the level of willful and wanton conduct"). Accordingly, we grant the motion to dismiss to the extent that it relates to De La Torre's state law claims.

## CONCLUSION

Based on the foregoing analysis, we grant Defendants' motion to dismiss in its entirety.

                                                             _____
                                                             Samuel Der-Yeghiayan
                                                             United States District Court Judge

Dated: July 31, 2006